Joseph ERICKSON, Appellant,

v.

**ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

No. 07–3712.

United States Court of Appeals, Eighth Circuit.

Submitted: Sept. 16, 2009.

Filed: Oct. 2, 2009.

Joseph Erickson, Bloomington, MN, pro se.

Ellen G. Sampson, Minneapolis, MN, for Appellee.

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

PER CURIAM.

Joseph Erickson appeals the district court's[1] dismissal of his civil action with prejudice. Following careful review, we conclude that the district court did not err in dismissing Erickson's claims as precluded by a prior state-court judgment of dismissal with prejudice. *See* 28 U.S.C. § 1738 (full faith and credit for state judicial proceedings); *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (Congress has specifically required federal courts to give preclusive effect to state-court judgments whenever courts of state from which judgment emerged would do so); *Stringer v. St. James R–1 Sch. Dist.,* 446 F.3d 799, 802 (8th Cir.2006) (de novo review); *Brown–Wilbert, Inc. v. Copeland Buhl & Co.,* 732 N.W.2d 209, 220 (Minn.2007) (setting forth elements of res judicata under Minnesota law); *Hauschildt v. Beckingham,* 686 N.W.2d 829, 837 (Minn.2004) (setting forth elements of collateral estoppel under Minnesota law); *Nelson v. Am. Family Ins. Group,* 651 N.W.2d 499, 511 (Minn.2002) ("[R]es judicata bars not only claims as to matters actually litigated, but also as to every matter that might have been litigated in prior proceeding.").

Accordingly, we affirm the judgment. *See* 8th Cir. R. 47B.

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.